UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**<br><br>v.<br><br>**ERIK RIVERA GARCIA** | Criminal Action No. 23-302-4 (JDB) |

**MEMORANDUM OPINION & ORDER**

The Court sentenced Rivera Garcia on July 10, 2024, to 62 months in prison followed by 48 months of supervised release for conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii). See Judgment, Dkt. 140. He now moves pro se under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence. See Mot., Dkt. 178. In support, he relies on U.S.S.G. § 4C1.1, which provides for a two-level reduction in offense level for offenders with zero criminal history points and no enumerated aggravating factors.

Rivera Garcia's motion is without merit. 18 U.S.C. § 3582(c)(2) provides for possible sentence reductions where a guideline range was lowered after sentencing. But the zero-point offender adjustment has been in place since November 2023. See U.S.S.G. § 4C1.1 historical note. Thus, the Court considered it at sentencing and determined that Rivera Garcia was not eligible for a 4C1.1 adjustment. In doing so, the Court relied on the parties' agreement that Rivera Garcia possessed a firearm in connection with the offense, thereby rendering him ineligible for the adjustment. See Plea Agreement 4, Dkt. 105 (citing U.S.S.G. § 4C1.1(a)(7)); Statement of Offense 5, Dkt. 106 (stating that a loaded Smith & Wesson revolver was recovered between Rivera Garcia's seat and the car's center console).

2

The Court therefore finds that Rivera Garcia is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Accordingly, the Court **DENIES** [178] defendant's motion.

/s/
JOHN D. BATES
United States District Judge

Date: December 17, 2025